GERSTEN, Judge.
Appellant, Armin Carlos Torro, appeals his conviction and sentence for attempted robbery. We affirm in part, reverse in part, and remand.
The appellant entered a jewelry store wearing a camouflage jacket, a wool ski mask, and a piece of tape on his nose. The owner of the store was suspicious of the appellant and became particularly alarmed when he noticed a firearm under appellant’s clothing. Fearing that the appellant intended to rob him, the owner produced his own weapon, struggled with the appellant, and shot him twice. The appellant sustained injuries to his cheek and the area above one eye.
Appellant was rushed to the hospital, where he underwent surgery. During the approximately 40 minutes when the appellant was in the emergency room, a detective interviewed him. The detective claimed that he advised appellant of his Miranda rights. Although the appellant had numerous tubes and catheters in him, and was unable to speak, the appellant was able to communicate his answers to questions posed by moving his head.
The appellant nodded “yes” when asked whether he had entered the jewelry store, whether he had entered it to commit a robbery, and whether he was armed with, and had drawn, a .45 caliber pistol. The appellant moved his head from side to side, indicating “no” when asked whether he had met the store owner before, and whether the owner had any reason to shoot the appellant other than to protect himself.
The appellant moved to suppress his answers to the detective’s questions, claiming that he had not been given or had not understood his Miranda rights. Additionally, appellant claimed his mental and physical condition rendered any confession involuntary. The trial court, in a pretrial hearing, granted appellant’s motion to suppress.
The trial court found: (1) the State failed to prove that the appellant had acknowledged hearing the Miranda warnings, and, therefore, the State had not met its burden of proving a knowing waiver of his rights; and (2) the appellant’s statement was voluntary and admissible for the limited purpose of impeachment.
In spite of the trial court’s ruling with its attendant consequences, appellant bullishly persisted and testified at trial. His testimony acted like a magnet to draw in his prior hospital statement, in rebuttal. These obviously inconsistent statements were juxtaposed before the jury. The appellant, convicted of attempted robbery with a firearm, now contends that the court erred in admitting the appellant’s confession for any purpose, because the confession was involuntary due to the appellant’s dire physical and mental condition.
Statements made by an accused to police under circumstances rendering the statements inadmissible in the prosecution’s case in chief, if voluntarily given, are admissible for the purpose of impeaching the accused’s credibility. Harris v. New York, 401 U.S. 222, 226, 91 S.Ct. 643, 646, 28 L.Ed.2d 1 (1971); Nowlin v. State, 346 *1254 So.2d 1020 (Fla.1977); Enriquez v. State, 449 So.2d 845 (Fla. 3d DCA), review denied, 459 So.2d 1040 (Fla.1984), cert. denied, 474 U.S. 906, 106 S.Ct. 235, 88 L.Ed.2d 236 (1985). In the instant case, although the trial court found a violation of appellant’s Miranda rights, the trial court specifically found that appellant’s statement was voluntary and, thus, properly admissible against appellant for impeachment purposes. Accordingly, we affirm appellant’s conviction.
The recommended guidelines sentence for the appellant ranged from two-and-one-half to three-and-one-half years. The court departed from the guidelines and sentenced appellant to fifteen years. Appellant contends, and the State concedes, that the trial court abused its discretion in upwardly departing from the guidelines because the record did not support any of the reasons given. We therefore remand for resen-tencing within the recommended sentencing guidelines range.
Affirmed in part, reversed in part, and remanded.